# IN THE COURT OF APPEALS OF IOWA

No. 24-0743
Filed April 23, 2025

**BRANDON GERARD HATCHETT,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

An applicant appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas M. McIntee, Williamsburg, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

While on parole for a different offense, Brandon Hatchett pled guilty to first-degree harassment. His parole was then revoked. Hatchett pursued postconviction relief from the harassment conviction, alleging defense counsel was ineffective for failing to file a motion to suppress. The district court denied the application, finding that even if counsel "violated a fundamental duty by not filing a motion to suppress, Hatchett has failed to show he was prejudiced." On appeal, Hatchett does not challenge that ruling. Instead, he raises two new ineffective-assistance claims that allege defense counsel (1) pressured him to plead guilty; and (2) failed to inform him of "his substantial exposure to parole revocation."

We agree with the State that Hatchett failed to raise these claims, and the district court did not decide them. At the trial on Hatchett's application for postconviction relief, his attorney clearly stated: "[T]he only issue we are going to be raising today is the failure to file a motion to suppress as discussed in the trial brief." We accordingly find that Hatchett failed to preserve error on both claims, *Ruiz v. State*, ___ N.W.3d ___, ___, 2025 WL 806962, at *3 (Iowa 2025), and affirm without further opinion, *see* Iowa Ct. R. 21.26(1)(a)(e).

**AFFIRMED.**